| | |
|---|---|
| MELANIE A. BENNINGER | } |
| Melanie-Adrianna, house of Benninger, A.R. | } |
| care of 118 South Tanager Court | } |
| ~Louisville, without Colorado [80027-1829] | } |
| | } CASE NO. |
| Plaintiff | } |
| | } |
| vs. | } |
| | } |
| JPMORGAN CHASE BANK, N.A. | } |
| Care of 383 Madison Avenue, Manhattan | } **COMPLAINT** |
| New York city, New York state 10017 | } |
| | } |
| CT CORPORATION SYSTEM | } |
| Attn: JPMORGAN CHASE BANK, N.A. | } |
| 1200 S PINE ISLAND RD, PLANTATION, FL 33324 | } |
| | } |
| MARK MILLER SUBARU, INC | } |
| Care of 3535 S State Street | } |
| Salt Lake City, UT 84115 | } |
| | } |
| Defendant(s) | } |



FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2021 NOV 15 PM 4:54
JEFFREY P. COLWELL
CLERK
BY_____DEP. CLK

1. Plaintiff is an individual whose place of abode is located at 118 South Tanager Court in Louisville, Colorado..

2. Defendants are a National Bank located in New York and an automobile dealership located in Utah, sufficient to allow this Court to maintain jurisdiction and venue of Plaintiff's claims.

## COUNT ONE

3. Paragraphs One (1) and Two (2) are incorporated by reference as if fully repeated herein.

4. Defendant(s) are in noncompliance with the Constitution for the United States of America and the Colorado state constitution whereby the people's right to be secure in their persons, papers, and effects.

5. Defendant(s) violated 15 U.S. Code § 15 USC § 1681s-2(b)(C) by failing to report the Notice of Dispute, see Exhibit A.

6. Defendant(s) violated 15 U.S. Code § 1666(d), see Exhibits B and E, by misapplying funds resulting in a credit balance in excess of $1 in connection with a consumer credit transaction.

7. Defendant(s) violated 15 U.S. Code § 1605(a), see Exhibit E3 and F3, by demanding additional charges to the finance charge of a type payable in a comparable cash transaction.

8. Defendant(s) violated 15 U.S. Code § 1632 by failure to adhere to tabular format of meaningful disclosure required, see Exhibit J1.

9. Defendant(s) violated 15 U.S. Code § 1638(d) by failure to provide required meaningful disclosure of the computation of the finance charge, see Exhibit J2.

10. Defendant(s) violated 15 U.S. Code § 1662(1), see Exhibit J3, by advertising that a downpayment could be made in combination with financing the consumer credit contract.

11. Defendant(s) is/are criminally liable under 15 U.S. Code § 1611(1) for willful violation of the Truth In Lending Act (TILA) by failure to inform accurately of its provisions, see Exhibits J & K.

12. Defendant(s) violated 12 CFR § 1026.13 by taking prohibited actions while an

account was in a billing error status, see Exhibits A, D, & K, making them liable under 15 U.S. Code § 1666(e).

12. Defendant(s) violated 15 U.S. Code § 6801, see Exhibit M in disclosure of nonpublic personal information to a third party.

13. Defendant(s) violated 15 U.S. Code §1635, see Exhibits J & K, by failing to disclose the consumer's right of rescission.

14. Defendant(s) violated 15 U.S. Code § 1691(a), see Exhibits B, E, and I, by discriminating against a consumer for the exercise of rights under Title 15 Chapter 41 of the 15 U.S. Code through adverse actions.

15. Defendant(s) violated 15 U.S. Code § 1693o–1, see Exhibits A, B, and C, by failing to provide remittance disclosures.

16. Defendant(s) is/are civilly liable under 15 U.S. Code § 1640 for statutory and actual damages, see Exhibit B.

17. Defendant(s) is/are civilly liable under 15 U.S. Code § 1693m, see Exhibits A, B, and C, for noncompliance with regulations pertaining to remittance transfers.

18. Defendant(s) is/are criminally liable under 15 U.S. Code § 1693n, see Exhibits A, B, and C, by their noncompliance with remittance transfers regulations.

19. 15 U.S. Code § 1666(a)(B)(i), see Exhibit F, by noncompliance with requests for documentary evidence, see Exhibit B.

20. Defendant(s) has/have defaulted upon the obligations to perform under contracts in place. By virtue of the Defendant(s)' said default, Plaintiff has exercised her Consumer rights to invoke specified remedy and seek equitable relief.

21. Although demand has been made upon Defendant(s) to comply with specified

remedy, Defendant(s) has/have failed to do so.

Wherefore, Plaintiff demands replevin of property, judgment in the amount of $798,970.65 against Defendant(s), and court costs to the extent permitted by applicable law.

Respectfully submitted on November 15th, 2021,

*[signature]*

By: Grigori I. Chulaki
A.R. for MELANIE A. BENNINGER
care of 118 South Tanager Court
~Louisville, without Colorado [80027-1829]
Telephone: (720)695-8965
Facsimile: (703)783-7901
grigoric@protonmail.com

STATE OF _____Colorado_____

COUNTY OF _____Boulder_____

## JURAT

Dated this ____ day of _____, 202 ____.

Without Prejudice By: _Grigori Ivanovich Chulaki_

I HEREBY CERTIFY that on this day before me, an officer duly qualified to take acknowledgments, personally appeared __Grigori Chulaki__, Consumer, who is personally known to me or who has produced __CO DL__ as identification and who executed the foregoing instrument COMPLAINT and he/she acknowledged before me that he/she executed the same.

WITNESS my hand and official seal in the County and State aforesaid this 15th day of __November__ 2021.

Notary Public _____Bill_____

Printed Name: _____

My Commission Expires: _____

BRIAN WOODMAN
Notary Public
State of Colorado
Notary ID # 20144007003
My Commission Expires 04-03-2022